You You versus Carl Jones Good morning. Good morning. It may please the court. My name is Excuse me My name is Sarah Gannett and I represent the appellant Carl Jones in this matter With me at council table is trial counsel James McHugh. I'd like to request three minutes for rebuttal with court's permission This case presents two questions first the district courts failure to conduct a proper step three Batson inquiry and Second the trial courts overbearing instruction on the justification defense Unless the court prefers. Otherwise, I propose to start with the Batson analysis The Batson argument is a procedural complaint put simply the district court failed to provide a reason statement grounded in the record Supporting its decision to deny the defense Batson challenge instead after discrediting the prosecutors reasons for her strikes And without any reference to the record It denied the challenge citing as the basis for its denial its high sensitivity to people's motivations and Finding on that basis that the prosecutors motivations in this case were not racially motivated No, we're beyond the prima facie case. I gather we're beyond the prima facie case We're also beyond step two because the prosecutor did offer race neutral Reasons for her strikes, but it's step three Batson requires more than what the district court gave in this case, which is a bald assertion of a non-racial motivation Batson requires the court to evaluate the prosecutors reasons in light of the entire record and While it doesn't require the court to engage with every fact in the record It does require some engagement with the record which was absent here. Well who had the burden of proof after the Prosecutor had offered explain explanations the defense has the burden of proof however in this case As in all cases the process that the court has the obligation to state the reason for its denial of the challenge and in this case there was ample reason to question the persuasiveness of the prosecutors reasons for her strikes well in fact she the judge definitely did determine that the Challenge Was not based on accurate facts correct. He said I mean the court said I'm not persuaded Correct her perception here is true But I'm not persuaded that The motive that there was any racial animus here and doesn't Hicks tell us that just because the Reason given is not accepted doesn't mean that occlusion conclusion has to be That there is racial animus That's true, but the court has to indicate why it's concluding that there's no racial animus the court can't find evidence once there were once he decided that Maybe I should put the this the other way did the defense point to anything other than the Unwillingness to accept the explanation It pointed to indicate racial animus was there anything here there were other factors That should have been obvious to the court in this case for one thing we had an african-american defendant, and we had White complaining witnesses we had strikes of two african-american Jurors when there were only five african-american jurors on the panel we had a failure to question The juror who was stricken juror number 22 About the issue on which she was purportedly stricken that is her employment status, and we also had the court finding that the reasons that were given for the strikes were inaccurate and the reasons Just because we move to step three The finding that the reasons are inaccurate doesn't lose its significance at that stage that finding still has significance and the court needs to Say something about the significance of that finding when it's making its determination that the bats and challenge should be denied Determination on the reasons given by the US Attorney In Other words Can the court go beyond say the assistant US Attorney gives? Reason a reason B and reason C. Why the strike was made can the court say I find for reason D That the strike was not motivated by prejudice without Without mentioning a B or C the court can't speculate about what reasons the prosecutor may have had for the strikes What the court could do is to and what didn't happen here is to disagree with the prosecutors reasons for the strikes To say I don't share her perceptions of what happened in the courtroom, but I think her perceptions were honest. It's a big courtroom I didn't see everything that happened what she says happened could have happened, and I I just missed it But I believe she's being honest about that, but that didn't happen what exactly what the court said no That's not what the court said what the court said is basis. I'll quote you from He said this is her perception. I'm telling you that I don't agree with her perception Well, what he's telling you that factually upon a record in front of this man right now. I Don't agree with her assessments But I'm finding that she Was not racially motivated. I'm not persuaded that she's racially motivated Right and what exactly how it's supposed to isn't the law that when if you think that the falsity or the the Explanation is wrong, but does not indicate animus you say is there anything else here that carries the defendants burden and If there and you say I'm not persuaded that they carried the burden But the law is also that in making that determination that the defense hasn't carried the burden The judge has to engage with the record and that was the court's finding in Riley where the district judge said that based on the prosecutor's demeanor he was finding that the defense had not carried the day and this court reversed finding that the district court had not engaged with the record and dealt with the reasons that the district court's finding Might have been questioned and that's what happened here the district court made a finding but didn't deal with the reasons that that finding could have been questioned and When those reasons are apparent in the record the district court simply has to address them And this isn't a case where we're saying the way in which the district court addressed them with inadequate this is a case in which the district court didn't address them at all and That completely flouts the purpose of Batson, which is to make transparent The process in which we decide that there's a lack of racial motivation Doesn't the Supreme Court give a lot of latitude to the district judge in making these determinations It it does but the Supreme Court also says that the district judge must do more than just say that the strikes are not racially motivated and That's the basis for this court's Precedent that the district court must engage with the record, but the court has even said that if the judge has not observed the same Demeanor problem Quote that that the striking council has observed that it's it's still okay The judge can still go ahead and make that determination But that's not what the judge said in this case the judge didn't didn't say that I didn't observe the same thing She observed, but I'm still finding that she honestly stated her observation He stated factually based on the record in front of this man right now this judge I don't agree with her and then he went on to say but based on my high sensitivity to people's motivations I'm finding she's not racially motivated. That's not a record-based reason. That's not a reason based on any Observation that he made well it is based on his observation of it He's saying because I'm very sensitive to this looking at looking at her I see no racial motivation, but he didn't give a reason a record-based reason for that He didn't say why he felt that he didn't say what about her demeanor led him to that Observation and just like in Riley when there are other factors. It isn't always something on your face that makes you Believe or not believe a witness you're talking to three judges who've all been district judges And we know what it's like when you're sitting up there and things are flying at you from all directions that sometimes you don't express with the most exquisite terms what the Court of Appeals would like you to say, but Can't we infer the necessary observation from what the judge actually said well I think in some context that might be appropriate But not in the Batson context because in the Batson context we're asking a very careful question about a very sensitive subject and that's why the Supreme Court laid out this very precise process and Wanted to make everything as transparent as possible, and that's why the case law says we don't speculate we don't leave voids in the record we engage with the record and we state reasons and You know that the court has even said that when the district court cites demeanor and here it didn't specifically cite Demeanor it cited its own sensitivity Even if we infer that the courts meant demeanor this court has held that when a court cites demeanor And there are other reasons in the record to question whether demeanor is sufficient that the court should address those reasons What if I didn't do so here? I'm sorry. I'm sorry would it be fair to characterize your position in this way that? We should discount The the years well first to what extent do two years of experience count and making this determination? This is a very experienced trial judge In the state as well as the federal court second do we discount that experience? Or are you discounting that experience and saying what he's really what the judge is really saying is trust me on this I I know without saying anything further Perhaps there to characterize that way I think that's perhaps a good way to put it the case is not unlike Coombs which we submitted to the court last week in Which the judge said these lawyers are much too good to be engaged in any kind of racial motivation And this court reversed and said that you know that's simply not a good enough Explanation and that the district judge needed to engage with the record and make findings about why the challenge Should not be sustained doesn't make a difference whether it's a new judge or a judge with 20 years of experience I Don't think it does make a difference because the purpose of the batson inquiry is to lay bare for the record What's going on here and the Supreme Court made that very clear in the in the Johnson case that we're not to Leave this to guesswork We're to make an inquiry that that settles once and for all whether racial motivation occurred Any any questions? the The with respect to the second issue Excuse me. Is there anything we'll give you a minute if you want to say something about that Well, you're on the second issue. I think the While the Lewis case which was issued in September does suggest that the court's language no longer than absolutely necessary May be a proper addition to the instruction that doesn't answer the question whether the district court Erred in repeating that language 13 times. Has there been any case which held that? repetition of an instruction was air There are several cases which are cited in our briefing Which hold that the repetition of an instruction when it favors one side more than the other? Can be reversible error and I think the best case on this point The one that's most analogous to our situation is the Rosebud Sioux case, which is an 8th Circuit case and that case Did not reach the instructional issue, but it noted that the repetition of the instruction which favored one side three times Should not be repeated when the case was remanded to the trial court and in this case the defense made very clear that the emphasis on that one element Through the no longer than absolutely necessary language was Burdensome was the language used by the defense at the appendix at 680 and was Detrimental to the jury's consideration of the defense because it sent the message that the jury should question whether the defense Should even be considered because it was so narrow and so restricted, but isn't that I mean It seems to me that a judge faced with a juror question would want to make sure that the jury understood what what the law Was well, that's what the elements do is to help the jury understand what the law is But what the judge did here is to take out one element and emphasize it over and over and over again But you never know what questions the jury are going to ask and the judge tries to answer that specific problem But I think it's fair to say that most judges refer the jury to an instruction one time in explaining to them In answer to a question rather than six times and rather than saying and in addition It's a very narrow defense that you're applying here. And in addition Congress didn't want these people to have guns Well, when I was when I was a district judge I would give the jury a copy of the instructions that I had made and they would have before them this But I think that's very different for the jury to read the instruction 100 times than for the district judge in Answering the question to repeat it and repeat it and repeat it and repeat it to the exclusion of the other elements Which are read only once which emphasizes for the jury. Here's what you need to focus on And by the way, it's restrictive and by the way Congress didn't want this When it was the key issue in the case really the only issue in the case good. Thank you very much Thank you, good Mr. Zells It's an honor to be back your honor good morning I was Robert's Osmer on behalf of the government if I could take my minute first Regarding the justification issue because I think the bats an issue is the one that I want to focus on more surely With regard to the justification issue. It's not correct as miss Gannett just said in her last words that this is what the case was about It's not what the case was about the jury rejected the defendant's testimony wholesale But even but he did receive his justification instruction and the important point is that the jury asked the question they heard the the words no longer absolutely necessary six times and they came back with a question and their question was When is it acceptable for a convicted felon to be in possession of a firearm? For example didn't keep the gun longer than necessary. And so the judge then make sure that the jury understands that point That's exactly of course what the trial judge is supposed to do There was no undue repetition But the reason I am bringing this up is I want to point out that we did make an error in our brief And I want to call this to the court's attention and we apologize for it We we argued that a plain error standard applies because all of the objections now being raised on appeal We said we're not presented to district court. That's true with regard to what I was just talking about the instruction of How many times it was repeated? It's not true with regard to the line in the instruction when the court mentioned Congress's intent Reading the the transcript carefully the defense immediately after the supplemental instruction did object to that line As well as the instruction in general and so we apologize for that There was an objection regarding the mention of Congress and so that would not be subject to plain error review But again, we just don't think there was any error that the court was Exercising its function and explaining what the jury wanted to understand and the the most important point is there's absolutely no dispute right now on appeal That the judge's instruction was legally correct. The objection is you said it too many times And so we just don't think that amounts to error let alone plain error, but I do want to call that mistake Thank you for the court's attention. Thank you for clarifying with regard to the to the Batson question if I may proceed to that It's our view that there was no error starting at the top. There was no prima facie case now of course the courts have held that if a judge does decide to skip past the prima facie case and Get to the third step that that's fine And this court will review what the determination was But I do think it's an important point to be made in looking at whether there was any impropriety here You had three African American jurors who were seated on this jury their their Representation on the actual jury well exceeded their representation in the veneer You had a case involving people of all races a case in which the subject of race was never at issue it was simply a question of identification and This really should not have proceeded Beyond the first step a judge Davis and his intellectual curiosity Wanted to hear what the prosecutor had to say and he asked her and she told them his her reasons But there was really just no prima facie case here at all and when you look at the final record There's no showing of intentional racial discrimination by this prosecutor There are two important points to be made and they're independent and each would suffice I would submit to support the the result here one is did the judge reject the statements that were made by the prosecutor and we Suggest the answer to that is no But then the second part is even if he did reject those reasons that still He made the final determination and it's justified by the record with regard to the explanations that were given Mike my friend Miss Gannett says the court rejected them To the extent that the court rejected anything It was only regarding one juror juror number 30 Where they got into a discussion of whether the man's eyes were bloodshot or not There's never been any discussion and never been any dispute by the defense That the reasons given by the prosecutor with regard to juror number 22 were fine were accurate were appropriate Non-racial reasons first and foremost that the juror was unemployed And that the juror had been laid off by the city the people prosecuting the case were representatives of the city of Philadelphia These are valid Non-discriminatory reasons and they've never been disputed and were never challenged by the judge The only discussion came up with regarding the bloodshot But even then with regard to juror number 30 the district court never rejected all of the reasons the prosecutor said that she observed that the man was not paying attention that he wasn't looking down and Perhaps he was looking down and perhaps most importantly that he wasn't engaged that he wasn't responding to the court's humor Maybe the court wasn't that funny, but everybody else That's right, but but everybody else in the courtroom left and she noticed this and she made her determination based on that That's never been disputed what the judge said as Judge Stapleton Appropriately pointed out the judge said that's her perception I don't agree with that perception the important thing here is we're talking about matters of perception this is not a case where the a prosecutor made a factual statement that can be shown to be inaccurate and Therefore one then would say well, I think there might be an inference of discrimination here This is a case in which people saw different things which happens every single day When you have 45 people in a courtroom in the space of an hour and everybody's trying to stare at them and glean What little they can from looking at these jurors the for example? Okay, an example of a different type of case is Snyder versus, Louisiana the Supreme Court's most recent decision on this Snyder the prosecutor says well I didn't like that African-american fellow as a juror because he had a job and I was worried that a week from now as the trial went on he'd Be concerned about his job and therefore I struck him Problem was there were 15 other people on the veneer who exactly fit that description as well And the prosecutor had no problem with any of them Like the Supreme Court needs to say wait a second. You know what went on here We don't have anything like that here All we have here is the prosecutor saying this is what I saw and the judge saying well I didn't see it and if I had seen it I would have said something about it, which is exactly what the prosecutor did So to suggest then from these little cryptic snippets that the district court rejected everything the prosecutor had to say I think it's very very unfair and it's just not supported by the record prosecutor help me I thought the prosecutor said that juror number 22 had her eyes closed That's right During board ear and she feared she may not be paying attention That's correct And that wasn't disputed either and she added This was the one juror on the panel who was unemployed and it was the one and and she had been laid off That was that was not disputed. That's never been disputed the and again again That's what defense counsel disputed it right away. No Well defend it was discussed But it wasn't disputed that this was an accurate fact and that it could be a valid fact for consideration in a challenge That and in fact, there's abundant case laws. We point out in our brief that this is a valid consideration The and again, that's what distinguishes it from Snyder You don't have 15 people who are unemployed and you're picking on the one person who happens to be a minority She was the only one and this was a valid reason But let's jump to the second part of this once the judge has decided well you made your strikes I might not have made the same strikes The judge makes the final decision and our final position is that that's what's really required and that's all that's required Miss Gannett stood before you and repeatedly said yeah, it had she he has to address the record It has to be based on the record. He has to specifically address the challenges that were made. We don't know of precedent for that She says that but it's not the cases don't what the cases say where district judges have run into trouble with With this court is where the court doesn't make the final finding where the court says well, maybe that's true Maybe that's not true. Let it call your first witness Get to your opening statement and doesn't make the fundamental finding of was there discriminatory intent? That's what we need the district judge to do I personally don't think so this judge did think so this judge said that he is attuned to these issues because of that and that he's Constantly on the lookout for that fact that he he did feel that he was Particularly attuned should that be persuasive to us in our consideration? Well, perhaps but I also believe that all the district judges are particularly attuned to this issue This is a fundamental constitutional, right? And I would assume that all judges focus on it. This judge made it a point to stress that But but certainly what we see very clearly is he knew the law. He knew the rules He knew the finding he needed to make and he made it. He didn't need to articulate reasons other than I Find that this was not racially Discriminatory. No, I I believe that it has to there has to be a basis in the record for the finding But no, there's no requirement of chapter and verse and this is the same as this court has repeatedly held Regarding many aspects of trial the judges as one one of you mentioned earlier are handling everything on the fly Judges are not required to cite chapter and verse when they rule on evidentiary rulings judge So record you've written about this in the sentencing context in the Cooper case The judges cannot be expected to say every last thing that we would expect in a written opinion Because they're handling numerous complex issues on the fly. This is most true in jury selection You all know from your experience. We all know this is often handled at sidebar Mumbled as you've got 45 citizens staring you down and you want to move on and you don't want to waste too many people's time You make a decision you announce your judgment if it's supported by the record, it's affirmed There's never been a requirement and we would suggest there would not be a good idea to have a requirement That a judge announced an opinion regarding each juror Addressing each of the reasons that the prosecutor has stated in this case. Was there any Evidence that warranted evidence suggesting Racial animus That warranted comment other than the alleged falsity of the explanation No, not at all As I said, there wasn't even a prima facie case. So I think Your Honor can assume my answer to that question There's nothing in this case that suggests any racial animus on the part of the government So the test if there was we would certainly do something about it. I'm sorry. I'm sorry. No The so the test the test is that the judge is required to make a finding that is supported by the record yes, Your Honor and one other important point is that a Very important point and often the most important consideration that the judge will have is demeanor. That's what the Supreme Court That's what this court says over and over That's the reason we have a clear error standard here because the judge is ultimately making a factual finding is this prosecutor acting based on discriminatory intent and demeanor is often going to be the deciding factor and I think if you read this record in full it was that that's why The judge said I may not do strikes the way you do strikes But I find that you are not acting out of discriminatory intent again We don't expect an opinion going through as Judge Ross said the facial characteristics or the mannerisms or whatever else leads to the judge's Conclusion regarding demeanor just as we don't expect that from any finder effect in a similar situation We should we be revisiting some of our earlier opinions with respect to prima facie case. You say there there was no answering No, I don't think so. I think this court's been very clear faithful to the Supreme Court that it's a three-part test I will tell you your honor I do think a problem lies in the district court on occasion where district judges are prone to They want to be decisive. They want to decide issues and they go beyond the prima facie case I've often spoken to our prosecutors about the need to remind district judges of This court's three-part test and and try to avoid bats and inquiries where they're unnecessary because there's no prima facie case I think the law is clear but from From where we sit once the district judge goes beyond the prima facie case and once the prosecutor Has given reasons then we're in the third stage. That's correct That's correct. And we're not questioning that that rule of law because we do have a decision that was made here The last thing I'd like to say about about jury selection is the jury selection as you all know is a very imperfect thing if If you called up to sidebar a trial lawyer and asked them to justify each of the strikes they made It's probably quite entertaining because as we all know trial lawyers proceed on hunches. They don't have anything remotely They could be described as complete information regarding the people they're looking at The Constitution does not provide a Minority or a non-minority or anybody else the right not to be stricken for a silly reason or not to be stricken for a hunch Exactly exactly and if that were the case What we would be doing is we'd be giving the minority in the courtroom the a right to be seated on a jury Unless there's some specific compelling reason not to that exceeds that of other people That's not what the Constitution allowed what the Constitution says is make your peremptories do the best you can It's imperfect. It's often going to be silly, but don't do it for a discriminatory reason The one thing you cannot do is discriminate against someone on the basis of race or sex And that's the decision the district judge had to make he made it here. It's supported by the record There's nothing to contradict it and that's why we asked the court to affirm Unless there any other questions, I'll rest on that Thank you. Thank you. Thank you very much. Let's get it Thank You I'll make one comment on justification and then move to the that's an issue The the concern about the repetition on the justification Instruction is that although the jury did have a question the judge didn't explain anything What the judge did is to go up and repeat the same instruction that had been given But repeat it six times and repeat that it's a restrictive defense and repeat that Congress intended that these people not carry guns But it wasn't explanatory and so the defense that My colleague gives of the of the instruction as being necessary because of the question The repetition didn't help the jury in any way. All it did was reinforce You don't want to in explaining a question you don't want to give hypotheticals And how can you beyond Beyond saying no longer than necessary. How can you explain that further without giving a hypothetical and I think a hypothetical would be Terrible for your client you probably can't and shouldn't which is why most judges say I've given you the instruction You know what the instruction is. You need to apply the facts to that instruction I suppose the only other possibility would be to try to translate those words into synonyms But I think jurors are often in a difficult position because Instructions are what they are and jurors want more help than we're able to give them but that doesn't license judges to Repeat and repeat and repeat and admonish in a way that suggests that the court may favor one side or the other Which is what happened here with respect to the Batson claim I To involve engagement with the record when the record reflects reasons that the court may have had to question the demeanor of the prosecutor and what the case law says is when you're looking at demeanor or the credibility of an explanation you look at how the prosecutor behaves in the courtroom, but you can also look at her that her explanations and What they mean and you can also look at the trial strategy and how well the explanations comport with the trial strategy and Here the district court ignored those kinds of considerations it made findings that it didn't agree with her it made findings that she was unwise and Then ignored the significance of those findings or at least didn't explain How it resolved the significance of those findings and that's the problem in this case With respect to the closed eyes and the bloodshot eyes I would submit if you go back and look at the court's Findings it's apparent that the court is making findings that with respect to both jurors It would have done something if it perceived that jurors were not paying attention and that that applies to both juror 22 and juror 30 and with respect to the unemployment Defense counsel raised the issue that this juror was not questioned Did not answer any questions about anything other than her law enforcement Connections and the record reveals that although the prosecutor claimed a concern about this jurors City employment as we note in footnote one of the reply She was never questioned about that by the prosecutor and her purported city Obviously had that information, right? I mean when you go in as a member of the jury, you've got to tell them what you do and the Juror informed the prosecutor that she used to be a wraparound Teacher and that she was laid off as a teacher who provided services to children in need Prosecutor didn't follow up about what bias that might have created and in fact when the court asked whether the juror could be fair as he Asked all of the jurors who were questioned the jurors said of course I can be fair. That sounds like a challenge for cause Colloquy rather than a preemptory challenge, but if it were really a concern of the prosecutor the prosecutor would have as I think most trial counsel do ask the question to see whether a Challenge for cause could be made whether the bias would actually rise to that required to do so They're not required to do so, but it does create an inference about Really how serious that concern was and really how credible it is at step three of the Batson inquiry. Thank you very much Thank you very much case was very well argued. We will take the case under advisement